UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOLEEN DELGADO,

           Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK; ROCKLAND COUNTY COURT; HON. KEVIN F. RUSSO,

           Defendants.

25-CV-2189 (KMW)

ORDER OF DISMISSAL

---

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se*, brings this action, which she styles as a "Petition for Writ of Quo Warranto and Civil Rights Complaint Under 42 U.S.C. § 1983." Plaintiff sues "The People of the State of New York," the Rockland County Court, and Rockland County Court Judge Kevin F. Russo ("Defendants"), alleging that they are prosecuting her for driving while intoxicated without "lawful jurisdiction" or authority. By Order dated March 25, 2025, ECF No. 4, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff brings this action "challenging the unlawful assertion of jurisdiction by Rockland County Court and Hon. Kevin F. Russo" over a criminal action pending in Rockland County Court, in which Plaintiff is a defendant. (ECF No. 1 at 2.) The following facts are

drawn from the complaint.[1]  On an unspecified date, Defendants "unlawfully exercised jurisdiction over [Plaintiff] without clear and convincing evidence of subject-matter jurisdiction."  (*Id.* at 3.)  Defendants "failed to provide a verified criminal complaint, sworn affidavit from an injured party, or a proper judicial warrant."  (*Id.*)  Because the "prosecution lacks a facially sufficient accusatory instrument," the criminal case against Plaintiff is "null and void."  (*Id.*)

Plaintiff requests that the Court issue a writ of *quo warranto* "requiring [Defendants] to demonstrate their lawful authority over [her]," a declaration that Rockland County Court "lacks jurisdiction due to due process violations," a permanent injunction prohibiting prosecution of Plaintiff "without a lawful basis," and money damages.  (*Id.* at 4-5.)

Plaintiff attaches to the complaint various documents from her state court matter, *People v. Delgado*, Ind. No. 2025-016, pending in Rockland County Court, in which Plaintiff appears to have been charged with one count of driving while intoxicated.  (*Id.* at 19.)

## DISCUSSION

**A.**     ***Younger* Abstention**

The Court must dismiss Plaintiff's claims for declarative and injunctive relief because the Court cannot intervene in pending state court criminal proceedings.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate.  *Id.* at 53-54; *see also Sprint Commc'ns,*

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

*Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a . . . pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) ("The *Younger* abstention doctrine embodies the longstanding public policy against federal court interference with state court proceedings." (internal quotation marks and citation omitted)).

Bad faith or harassment exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome."  *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that plaintiff's claim that "his neighbors' complaints which led to the charges were false" was insufficient to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state criminal matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022))), report and recommendation adopted, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *DeMartino v. N.Y. State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that plaintiff's allegations that the state administrative charges against him were based on defendant's false statements did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to her pending state court criminal proceeding.  The Court therefore declines to

intervene in that proceeding and dismisses Plaintiff's claims for declaratory and injunctive relief under the doctrine of *Younger* abstention.

**B.      Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted). New York State has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).

Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (alteration and citation omitted). Rockland County Court is a part of the New York State Unified Court System, which is "unquestionably an arm of the State." *Id.* at 368 (internal quotation marks and citation omitted). The Court therefore dismisses Plaintiff's Section 1983 claims against the People of the State of New York and Rockland County Court because such claims are barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal of an action that seeks monetary relief against a defendant who is immune from such relief).

**C.      Judicial Immunity**

The Court also dismisses Plaintiff's claims for money damages, and injunctive and declaratory relief against Judge Russo. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven

allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff fails to allege any facts to suggest that Judge Russo acted beyond the scope of his judicial responsibilities or outside of his jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Judge Russo for acts arising out of, or related to, individual cases before him, he is immune from suit for money damages. *Bliven*, 579 F.3d at 210.

Plaintiff seeks injunctive and declaratory relief against Judge Russo. Although judicial immunity does not bar a claim for prospective injunctive and declaratory relief, *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff is not entitled to injunctive relief against Judge Russo because Plaintiff has alleged neither the violation of a declaratory decree, nor the unavailability of declaratory relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam). Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order. *Davis v. Campbell*, No. 13-CV-693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)); *see United States ex rel. Van Stuyvesant v. Swain*, No. 24-CV-3598, 2024 WL 3105588, at *2 (S.D.N.Y. June 20, 2024) (Engelmayer, J.) (dismissing plaintiff's claims for injunctive

relief against several judges, in part because plaintiff did not seek to remedy a prospective harm). Plaintiff has also not alleged that she is unable to appeal the state court proceedings.

The Court dismisses Plaintiff's claims against Judge Russo based on absolute judicial immunity. Plaintiff claims against Judge Russo are frivolous, and therefore fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**D.     Claims Under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### E. Leave to Amend Is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in her complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

### CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by the *Younger* abstention doctrine, the Eleventh Amendment, and the doctrine of judicial immunity, and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated: June 10, 2025
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge